UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID M. SKINNER,

                                            Plaintiff,

                                                                                 DECISION AND ORDER

                                                                                 06-CV-6119L

                                    v.

MARC CHAPMAN, et al.,

                                            Defendants.
_____

**INTRODUCTION**

Plaintiff, David Skinner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and related statutes against several defendants regarding his arrest, trial and conviction for obstructing governmental administration in connection with the temporary confinement of his dog. Pursuant to the provisions of 28 U.S.C. § 1915(e), the Court dismissed all the claims against the named defendants on initial review except those against Marc Chapman ("Chapman"), a Sergeant with the Wayland, New York Police Department, and Debra Breese ("Breese"), a dog-control officer for the town (Dkt. #11).

Breese and Chapman have both moved to dismiss the complaint against them pursuant to FED. R. CIV. P. 12(b)(6) based on *res judicata*, the statute of limitations, and for failure to state a

claim. (Dkts. ##6 and 8). For the reasons set forth below, defendants' motions are granted in part and denied in part.

## PLAINTIFF'S COMPLAINT

Plaintiff alleges that on September 14, 2002, he was charged with one count of obstructing governmental administration in the second degree when he refused to allow Breese access to his home.

Plaintiff claims that on September 13, 2002, Breese was summoned to his house to investigate a dog-bite incident that had allegedly occurred in his neighbor's adjacent yard. Breese told plaintiff he could keep his dog tied in his yard or inside his home for 10 days. The next day, Breese received another complaint that plaintiff's dog was at large again. Breese went to plaintiff's home and demanded that plaintiff turn over his dog. Plaintiff refused to allow her into the house to seize the dog because Breese did not have a warrant. Breese also had not filed a deposition regarding these facts, nor had she received an order authorizing her to seize the dog.

Breese then left plaintiff's home and returned with Chapman. Chapman and Breese demanded that plaintiff allow them to take the dog, and again plaintiff refused because they still did not have a warrant or court order. Chapman then threatened plaintiff with prosecution for obstructing governmental administration, but plaintiff continued to refuse them access to his home or his dog without a court order.

Chapman and Breese then left and went to Chapman's office where he completed the necessary paperwork charging plaintiff with obstructing governmental administration. They returned

to plaintiff's home later that night where Chapman told plaintiff that he could either surrender the dog and be given an appearance ticket, or Chapman would wake the Village Judge, obtain a warrant for plaintiff's immediate arrest, and take plaintiff to jail. Plaintiff capitulated and defendants seized his dog. Plaintiff was given a summons to appear in Village Court on the charge of obstructing governmental administration in violation of N.Y. PENAL L. § 195.05.[1]

A jury trial was held in Wayland Town Court on May 2, 2003, after which plaintiff was convicted of one count of obstructing governmental administration, second degree, and sentenced to one year imprisonment.[2] On February 2, 2006, Steuben County Court overturned plaintiff's conviction, vacated the sentence and dismissed the charge against him.

Plaintiff claims that Chapman and Breeze violated his Fourth Amendment right to be free from an unlawful search and seizure. He also alleges that Chapman and Breese falsely arrested him for allegedly obstructing governmental administration, and conspired with the District Attorney's Office to maliciously prosecute him. He seeks $5,000,000 in damages.

---

[1] N.Y. Penal L. § 195.05 provides that "A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference . . . ."

[2] Plaintiff does not allege in the complaint that he spent any time in prison. It appears from the record in *Skinner I* that plaintiff's sentence was stayed pending outcome of his appeal. *See Skinner I*, Dkt. #24, Pl. Aff., ¶19.

**DISCUSSION**

**I. Motion to Dismiss Standards**

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted, the Court should grant the motion only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In ruling on such a motion, the Court must read the plaintiff's complaint generously, drawing all reasonable inferences from the complaint's allegations, *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir.1993), and accepting "the material facts alleged in the complaint as true." *Frasier v. General Electric Co.*, 930 F.2d 1004, 1007 (2d Cir.1991). The Court's task in deciding a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir.1984).

**II. *Res Judicata***

This is the second federal court action plaintiff filed against these defendants. In *Skinner, et al. v. Chapman, et al.*, 03-CV-6216L ("*Skinner I*"), the Court dismissed with prejudice plaintiff's malicious prosecution claims on initial review pursuant to 28 U.S.C. § 1915(e) because, at that time, he could not show that his conviction had been reversed on appeal. *Skinner I*, Dkt. #5 (Skretny, J.). The Court later dismissed on summary judgment plaintiff's claims related to the temporary seizure of his dog based on the fact that such deprivation did not rise to a constitutional violation. *Skinner I*, Dkt. #25 (Larimer, J.). The Second Circuit Court of Appeals dismissed plaintiff's appeal as

"lack[ing] an arguable basis in fact or law" in a mandate filed on December 12, 2005. *Skinner I*, Dkt. #28.

On February 2, 2006, Steuben County Court overturned plaintiff's conviction for obstructing governmental administration. The County Court held that the People failed to prove two of the essential elements of the crime of obstructing governmental administration under N.Y. PENAL L. § 195.05 – that Breese was engaged in "authorized conduct" when she ordered the confinement and then seizure of plaintiff's dog; and that plaintiff prevented a public official from performing an official function "by means of physical force or interference." (Dkt. #13, *People v. Skinner*, Steuben Co. Ct., Bradstreet, J., dec. Feb. 2, 2006). This action followed.

The doctrine of *res judicata*, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester*, 40 F.3d 587, 591 (2d Cir.1994). The purpose of the doctrine is to provide finality to parties who have come before the courts to resolve their disputes. Accordingly, the doctrine prevents relitigation of claims asserted in a previous action, as well as claims that could have been asserted in that action. *See Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876) (under the doctrine of *res judicata*, a judgment entered on the merits in a previous action "is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose").

"It is appropriate to determine whether a complaint is barred by *res judicata* on a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)." *Gould v. National Westminster Bank, U.S.A.*, No. 3:99-CV-01892, 2000 WL 1339292, *3 (D.Conn. Aug. 2, 2000) (citing *Southard v. Southard*, 305 F.2d 730, 732 & n.1. (2d Cir.1962)). "To prove the affirmative defense a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 285 (2d Cir.2000).

Applying these principles, I agree with defendants that, to the extent that plaintiff's complaint states a claim against them for damages for the temporary seizure of his dog, that claim must be dismissed based on *res judicata*. A final judgment on the merits by a court of competent jurisdiction in a case involving the same parties and the same claims was entered in *Skinner I*. There, I previously ruled that even if plaintiff's dog was seized unreasonably by defendants, that deprivation of property is not unconstitutional. In *Skinner I*, I held that:

> A seizure that is suspect under the Fourth Amendment occurs when there is "some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). The temporary taking of Dexter by a duly authorized official, where the owner knew who was seizing the dog, where the dog was to be confined, and when the seizure was temporary **does not constitute an unlawful seizure and does not raise a constitutional violation**. *See Kostiuk v. Town of Riverhead*, 570 F. Supp. 603, 609 (1983). The Skinners knew why Dexter was being taken, who was taking him, and were advised that he would be retained only for ten days for observation. (Docket #22). Therefore, under these circumstances, **there was no "meaningful interference" with a property interest that deserves constitutional protection**.

*Skinner I*, Dkt. #25, at p.6 (emphasis supplied).

As to the false arrest and malicious prosecution claims, however, I find that defendants are not entitled to dismissal based on *res judicata*. *Res judicata* "will not apply, however, where 'the initial forum did not have the power to award the full measure of relief sought in the later litigation.'" *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994) (quoting *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir.1986)). As the Second Circuit explained in *Burgos*,

> Thus, where a plaintiff was precluded from recovering damages in the initial action by formal jurisdictional or statutory barriers, not by plaintiff's choice, a subsequent action for damages will not normally be barred by *res judicata* even where it arises from the same factual circumstances as the initial action.

*Id.*

There is no dispute that, at the time of the dismissal of the false arrest and malicious prosecution claims, plaintiff could not show, under *Heck v. Humphrey*, 512 U.S. 477 (1994), that his conviction had been reversed. It was solely on this basis that these claims were dismissed. *Skinner I*, Dkt. #5. Now, of course, the landscape has changed because plaintiff's conviction has since been overturned. The Court's decision in *Skinner I*, therefore, has no preclusive effect on these claims in the instant case because plaintiff was prevented from pursuing them in the earlier action.

Therefore, defendants are entitled to dismissal of plaintiff's Fourth Amendment § 1983 claims for the allegedly unreasonable seizure of his dog based on *res judicata*. The remaining claims based on false arrest and malicious prosecution, however, are not barred by *res judicata*.

**III.  Statute of Limitations**

For the same reason, defendants' motions to dismiss based on the statute of limitations are denied. In *Skinner I*, the Court ruled that plaintiff's § 1983 claims based on his conviction were not actionable at that time because, under *Heck*, plaintiff could not show that his conviction had been

overturned. At that time, his appeal to the County Court was still pending. As a corollary to this rule, the Supreme Court in *Heck* also held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence *does not accrue until the conviction or sentence has been invalidated*." *Id.* at 489-90 (emphasis supplied); *see also Covington v. City of New York*, 171 F.3d 117 (2d Cir.1999).

Now that plaintiff's conviction has been overturned, there is no longer a problem under *Heck*, and success on these claims would not undermine any state court conviction. Plaintiff's claims for false arrest and malicious prosecution accrued on February 2, 2006, the date that the County Court reversed his conviction. *Woods v. Candela*, 47 F.3d 545 (2d Cir.1995). This action was commenced three weeks later, on February 24, 2006, well within the applicable statutes of limitation. *Perez v. City of New York*, No. 01-CV-5384, 2007 WL 14486, *7+ (E.D.N.Y. Jan. 03, 2007).

**IV. Probable Cause and Qualified Immunity**

Defendant Chapman argues that plaintiff's malicious prosecution and false arrest claims should be dismissed because the existence of probable cause is a complete defense and because his actions are entitled to qualified immunity.[3] I disagree that dismissal on these grounds is warranted at this time.

Chapman cites to language from this Court's decision in *Skinner I* wherein I held that Chapman's actions "were reasonable and consistent with state and local law," and that "Chapman acted reasonably to ensure public safety." Based on this cherry-picked language, Chapman makes the untenable argument that plaintiff's complaint should be dismissed because his conduct was

---

[3] Defendant Breese did not move to dismiss the complaint on these bases.

"objectively reasonable" and that this language "is tantamount to a finding that Chapman had probable cause to arrest the plaintiff." (Dkt. #9, p.8).

What Chapman ignores, however, is the fact that the Court was discussing defendants' actions vis-a-vis the *seizure of plaintiff's dog, not the defendants' arrest and prosecution of plaintiff*. Moreover, plaintiff's conviction has been overturned based on the insufficiency of the evidence and the People's failure to prove two necessary elements of the crime of obstructing governmental administration. Reversal of the conviction, of course, does not mean that plaintiff ultimately will prevail on his claims. In fact, the Court has grave concerns whether plaintiff's claims would survive summary judgment.

Nevertheless, the reversal of plaintiff's conviction raises issues that would best be considered in the context of a motion for summary judgment which could include considerations of qualified immunity and probable cause. On a motion to dismiss pursuant to Rule 12(b)(6), however, the Court's inquiry is limited to whether plaintiff could prove any set of circumstances consistent with the allegations in his complaint. Assuming that what plaintiff alleges is true, he was arrested, tried and convicted for a crime that he did not commit because he refused to allow defendants to search and seize his property without a warrant. That is sufficient to state a claim under § 1983. Thus, Chapman's motion to dismiss on these grounds is denied.

## CONCLUSION

Defendant Breese's motion to dismiss (Dkt. #6) and defendant Chapman's motion to dismiss (Dkt. #8) are granted in part and denied in part.

Plaintiff's claims based on the Fourth Amendment seizure of his dog are dismissed based on *res judicata* and this Court's prior determination in *Skinner, et al. v. Chapman, et al.*, 03-CV-6216L.

Defendants' motions to dismiss as they pertain to plaintiff's claims based on false arrest and malicious prosecution are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 30, 2007