UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID M. SKINNER,

                Plaintiff,

        v.

MARC CHAPMAN, et al.,

                Defendants.
_____

DECISION & ORDER

06-CV-6119L

**PRELIMINARY STATEMENT**

Plaintiff David Skinner ("Skinner") initiated this action under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights in connection with his prosecution for obstructing governmental administration. (Docket # 11). Currently before the Court is the adequacy of plaintiff's response to an Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41.2 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York. (Docket ## 38, 40).

Skinner initiated this action on February 24, 2006, and thereafter filed an amended complaint on August 8, 2007. (Docket ## 1, 28). An initial conference was conducted before this Court on October 4, 2007, and a scheduling order was thereafter issued. That order directed that a further status conference would be held by this Court on March, 4 2008. (Docket # 32). Skinner failed to appear for the March 4, 2008 conference, and it was subsequently rescheduled for April 1, 2008. Notice of the rescheduled conference was mailed to Skinner at the address he provided to the Court. Again, Skinner failed to appear for the conference. (Docket # 39).

The following day, the Clerk of the Court issued the subject Order to Show Cause. (Docket # 38). Skinner responded to the Order on May 2, 2008, explaining that he had not appeared at the first conference because he suffers from Adult Attention Deficit Disorder ("AADD") and because his computer hard drive containing his calender had crashed. (Docket #40). Skinner further explained that he did not appear at the second conference because he is the "chief advocate" for his brother, a paraplegic with developmental disorders who lives in a group home. On the day of the conference, Skinner was called to the aid of his brother and was unable to make his court appointment. (Docket # 40). Skinner indicates that he is now prepared to continue this litigation and requests that he be permitted to proceed. (Docket # 40). Defendants have taken no position with respect to this motion.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their

own affairs so as to achieve the orderly and expeditious dispositions of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "[p]rejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("The operative condition for a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases). Nevertheless, dismissal is considered "a harsh remedy to be utilized only in extreme situations" *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted).

In the case at bar, Skinner has responded to the Court's order to show cause and represents that he is prepared to continue to litigate his claims. Specifically, Skinner explains that his previous failures to appear before he Court were due to, among other things, the failure of his computer hard drive and conflicting obligations involving his brother. (Docket # 40). Defendants have not voiced any opposition.

On this record, I find that Skinner's actions do not demonstrate the level of prosecutive delinquency justifying dismissal, and his case will therefore be permitted to proceed. Skinner is cautioned, however, that should he fail to prosecute this case with diligence, such failure may result in the dismissal of his action.

## CONCLUSION

For the foregoing reasons, this Court finds that Skinner has demonstrated good cause why the matter should not be dismissed due to his failure to prosecute. It is further

ORDERED, that a status conference will be held on **July 17, 2008**, at **11:00 a.m. The parties may participate by telephone and should call chambers at (585) 613-4080 promptly at 11:00 a.m. to be connected into the conference.**

Parties will inform the Court as to the status of all discovery which has been either completed or scheduled as of the date of the conference.

**IT IS SO ORDERED.**

                                                   *s/Marian W. Payson*
                                                     MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
       June   10   , 2008