UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID M. SKINNER,

Plaintiff,

DECISION AND ORDER

06-CV-6119L

v.

MARC CHAPMAN,
DEBRA BREESE,

Defendants.

_____

## INTRODUCTION

David Skinner ("plaintiff"), proceeding *pro se*, brings this action against defendants Marc

Chapman ("Chapman") and Debra Breese ("Breese"). Plaintiff alleges that defendants, acting in

their respective official capacities as a New York State Police Officer and dog-control officer for the

Town of Wayland, subjected plaintiff to false arrest, malicious prosecution, and unreasonable

seizure, and retaliated against him for his efforts to exercise his First Amendment rights, all in

violation of 42 U.S.C. §1983 ("Section 1983").

Defendants have now separately moved for summary judgment dismissing the complaint on

the grounds of qualified immunity and probable cause for plaintiff's arrest (Dkt. #49, #50). Plaintiff

opposes those motions, and has cross-moved under Rule 60(b)(2), (3), (5) and (6) of the Federal

Rules of Civil Procedure, seeking relief this Court's prior dismissal of his Fourth Amendment claim (Dkt. #54). For the reasons set forth below, defendants' motions for summary judgment are granted, and plaintiff's Rule 60(b) cross-motion is denied.

## FACTS

On September 13, 2002, while serving as dog control officer for the Town of Wayland, Breese was contacted by county resident Victoria Wagner ("Wagner"). Wagner complained that her young son had been bitten by a dog owned by her neighbor, the plaintiff. The incident had allegedly occurred near the rear of the Wagner property, which abuts plaintiff's property.

Breese went to plaintiff's residence and spoke with him about the incident. At this initial inquiry, Breese determined that plaintiff's dog was seven to nine months old, was unlicensed and had not yet been vaccinated for rabies. Breese advised plaintiff that pursuant to state law, the dog should have been vaccinated when it was three months old, and that it needed to be quarantined and confined for ten days to insure that it was not infected with rabies.

The following day, Breese received another complaint from Wagner that plaintiff's dog was on the loose. Breese responded to plaintiff's residence, and instructed plaintiff that as a result of his failure to confine the dog during the ten-day quarantine period, she would need to impound the dog for the duration of the quarantine. Breese asserts that she informed plaintiff that she had the authority to impound the dog because it was not licensed or vaccinated, and because it had bitten a child. Plaintiff disputes Breese's account as to the assertion of her authority to impound the dog, but admits that he was combative and used profane language toward Breese.

Plaintiff refused to turn over the dog, and Breese left the premises after advising plaintiff that she planned to contact the police for assistance. A short time later, Breese, together with Officer Chapman, arrived at plaintiff's residence. Plaintiff again refused to relinquish the dog, arguing that neither Chapman nor Breese had a warrant or a court order to seize the dog. Chapman advised plaintiff that he could be cited for obstructing governmental administration. When plaintiff again refused to turn over the dog, Chapman and Breese left the residence to obtain a sworn statement from Wagner.

Later that same evening, Chapman and Breese returned to plaintiff's residence. Chapman advised plaintiff that he was prepared to obtain a warrant for plaintiff's immediate arrest, unless plaintiff agreed to turn over the dog, in which case he would merely issue plaintiff an appearance ticket. Eventually, plaintiff relented and surrendered custody of the dog to Breese. Chapman issued an appearance ticket to plaintiff for obstructing governmental administration.

Dexter was held at a kennel for eleven days, during which time he received a rabies vaccination and was licensed. On September 25, 2002, he was released to plaintiff. Plaintiff was charged with a violation of N.Y. Penal Law §195.05, obstructing governmental administration in the second degree, and was found guilty after a jury trial in Wayland Town Court. Plaintiff was sentenced to one year in jail, but his conviction was suspended pending appeal and eventually overturned by the Steuben County Supreme Court on the grounds that Breese had not been engaged in "authorized conduct" when she initially ordered the confinement and seizure of plaintiff's dog, and because plaintiff had not physically interfered with Chapman's and Breese's efforts to take custody of the dog.

**DISCUSSION**

**I.     Summary Judgment**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

Where, as here, the parties opposing summary judgment are proceeding *pro se*, the Court must "read the pleadings . . . liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir. 1999). Nevertheless, "proceeding *pro se* does not otherwise relieve [an opposing party] from the usual requirements of summary judgment." *Fitzpatrick v. N.Y. Cornell Hosp.*, 2002 U.S. Dist LEXIS 25166 at *5 (S.D.N.Y. 2003). Those requirements include the obligation not to rest upon mere conclusory allegations or denials, but instead to set forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984).

**II.     Plaintiff's Claims Pursuant to Section 1983**

In order to maintain his claims for false arrest, malicious persecution, and First Amendment retaliation, plaintiff must show that defendants violated his Constitutional or federal statutory rights

– here, plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures and

his First Amendment right to engage in speech asserting his constitutional rights – and that the

defendants did so while acting under color of state law. *See Parratt v. Taylor*, 451 U.S. 527, 535

(1981).

The issuance of an appearance ticket "constitutes non-custodial arrest." *Panetta v. Crowley*,

460 F.3d 388, 392 (2d Cir. 2006). To establish a claim of false arrest, a plaintiff must prove that the

underlying arrest lacked probable cause. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). As such,

the existence of probable cause is "a complete defense to [a civil rights action arising from an

arrest]," whether brought under state law or Section 1983. *Bernard v. United States*, 25 F.3d 98, 102

(2d Cir. 1994). A probable cause determination "does not require proof beyond a reasonable doubt;

it is the mere probability of criminal activity, based on the totality of the circumstances, that satisfies

the Fourth Amendment." *Donovan v. Briggs*, 250 F. Supp. 2d 242, 251 (W.D.N.Y. 2003), *quoting*

*Hahn v. County of Otsego*, 820 F. Supp. 54, 55 (N.D.N.Y. 1993). "[T]he standard for establishing

probable cause is not a particularly stringent one. It does not require proof of a suspect's guilt

beyond a reasonable doubt. Instead probable cause to arrest exists when the known facts are

'sufficient to warrant a person of reasonable caution in the *belief* that the person to be arrested has

committed or is committing a crime.'" *Donovan*, 250 F. Supp. 2d at 253, *quoting Jocks v. Tavernier*,

316 F.3d 128, 135 (2d Cir. 2003) (emphasis in original). Furthermore, "the validity of an arrest does

not depend upon an ultimate finding of guilt or innocence." *Peterson v. City of Nassau*, 995 F. Supp.

305, 313 (E.D.N.Y. 1998), *citing Pierson v. Ray*, 386 U.S. 547, 555 (1967). It is well-settled that

probable cause may be established by information received by a law enforcement officer from one

or more other individuals. *Donovan*, 250 F. Supp. 2d at 251; *see also Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000).

Here, plaintiff's arrest was premised on knowledge Chapman gained from Breese, an eye-witness, that plaintiff had committed an offense by refusing to surrender his dog to Breese for quarantine after it bit a child, as well as Chapman's own observations of plaintiff's continued refusal to surrender the dog. N.Y. Penal Law §195.05 describes the offense for which plaintiff was initially convicted, and states that a person is guilty of obstructing governmental administration when he or she "intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act . . ." N.Y. Penal Law § 195.05 (1998).

Plaintiff has admitted that he repeatedly refused defendants' requests to temporarily surrender custody of his dog following a biting incident, and that he used vulgar language and was combative. I find that an officer of "reasonable caution" who was aware of Breese's position and authority as an animal control officer, received credible information that plaintiff's dog had bitten a child and been permitted to run loose, and observed plaintiff's conduct toward Breese when she attempted to take custody of the dog for quarantine, licensing and vaccination purposes, could reasonably conclude that plaintiff had committed the offense of governmental obstruction, regardless of whether that interpretation was ultimately found to be correct. *Donovan*, 250 F. Supp. 2d at 253. Indeed, in overturning plaintiff's conviction, the Steuben County Court observed that "[the court was] not, in any way, criticizing the actions of Ms. Breese or Sergeant Chapman, nor condoning [plaintiff's]

behavior. The record shows both public officers acted with restraint and in . . . good faith." (Dkt. #54 at 23).

Plaintiff argues that governmental obstruction requires some act of physical interference, and that his lack of physical confrontation should have made it obvious to Officer Chapman that no governmental obstruction had occurred. However, N.Y. Penal Law §195.05 forbids obstruction "by means of intimidation, physical force *or* interference," and state courts addressing the issue have concluded that non-physical interference invoking a "physical reaction" can suffice. N.Y. Penal Law §195.05 (emphasis added); *Matter of Davan L.*, 91 N.Y.2d 88, 91 (1997). Here, it is undisputed that plaintiff interfered with Breese's attempt to seize his dog by refusing physical access to his residence and/or the dog in a manner that was hostile and profane. The Steuben County Supreme Court later analyzed the minute details of the case and decided that the evidence was not legally sufficient to justify a conviction for governmental obstruction after all. However, that finding does not automatically render Chapman's belief that plaintiff was guilty of governmental obstruction unreasonable. Based on the circumstances with which Chapman was confronted and the plain language of N.Y. Penal Law §195.05, I find that Chapman had probable cause to issue plaintiff the appearance ticket, and, consequently, plaintiff's false arrest claim must be dismissed.

Because the existence of probable cause also serves as an "absolute defense to a cause of action for malicious prosecution," plaintiff's malicious prosecution claim against the defendants are also dismissed. *Raymond v. Bunch*, 136 F. Supp. 2d 71, 80 (N.D.N.Y. 2001). *See also Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003).

Even assuming, *arguendo*, that there was no probable cause to issue the appearance ticket to plaintiff, plaintiff's claims are also barred by qualified immunity. Qualified immunity shields public officials from an action for civil damages, to the extent that their challenged acts do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine applies when it is "objectively reasonable" for an official to believe that his conduct did not violate any such right in light of clearly established law and the information possessed by the official. *See Simms v. Village of Albion*, 115 F.3d 1098, 1106 (2d Cir. 1997); *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995); *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994).

With respect to claims relating to false arrest, an arresting officer is entitled to qualified immunity if: (a) it was objectively reasonable for the officer to believe that probable cause existed for the arrest, or (b) officers of reasonable competence could disagree on whether the probable cause test was met. *See Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995); *Wachtler v. County of Herkimer*, 35 F.3d 77, 81 (2d Cir. 1994). In the instant action, plaintiff's "arrest" was grounded upon the eyewitness statements of a town official (Breese), a sworn statement from Wagner, and Chapman's own first-hand interactions with plaintiff, Wagner and Breese. No evidence has been presented that any of this evidence was obtained in a manner which a reasonable officer would have believed was in violation of plaintiff's constitutional rights, or that no reasonable officer could have believed that these sources furnished probable cause. Plaintiff' false arrest and malicious prosecution claims must therefore be dismissed.

Qualified immunity also bars plaintiff's First Amendment retaliation claim. In assessing that claim, the court "must first decide if the facts alleged make out the deprivation of a constitutional right." *Skehan v. Village of Mamaroneck*, 465 F.3d 96, 107 (2d Cir. 2006). If a deprivation exists, qualified immunity is appropriate where:(1) the legal right said to be violated was not clearly established at the time of the defendant's conduct; (2) the defendant's action was objectively reasonable in light of the clearly established legal rules then in effect; or (3) officers of reasonable competence could disagree on whether the probable cause test was met. *See Caldarola v. Calabrese*, 298 F.3d 156, 168 (2d Cir. 2002); *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995); *Wachtler v. County of Herkimer*, 35 F.3d 77, 80 (2d Cir. 1994); *Robison v. Via*, 821 F.2d 913, 921 (2d Cir. 1987). In determining objective reasonableness or reasonable disagreement by officers of reasonable competence, the "principal focus [is] on the particular facts of the case," and "may lead to summary judgment if the defendant adduces sufficient facts such that no reasonable jury, [construing] evidence [and] drawing all inferences [in favor of the plaintiff], could conclude that [the defendant's belief that he was acting in conformity with the plaintiff's clearly-established federal rights] was objectively unreasonable." *Id*.

Initially, the undisputed facts indicate that plaintiff was issued an appearance ticket based upon his *act* of refusing to turn over his unlicensed and unvaccinated dog, believed to have bitten a child, to a town official who had the authority to demand that he do so – not for any of the speech he used in expressing that refusal. Furthermore, even if the issuance of the appearance ticket was grounded, not upon plaintiff's refusal to obey the orders of public officials, but upon his exercise of a constitutional right to engage in some protected speech, I find that defendants' conduct was, for

the reasons discussed above, objectively reasonable in light of the governing law, or at least that officers of reasonable competence could have disagreed as to whether the standard for probable cause was met. As such, the defendants are entitled to qualified immunity, and plaintiff's First Amendment claim must be dismissed.

### III.    Plaintiff's Rule 60(b) Cross-Motion

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment or order for, inter alia, the following reasons: (1) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (2) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (3) satisfaction, release or discharge of the judgment, or reversal or vacation of an underlying judgment, or impossibility of applying it equitably; or (4) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(2), (3), (5), (6).

Citing each of these grounds, plaintiff seeks relief from the Decision and Order of this Court dated July 26, 2004 in a separate matter entitled *Skinner et al. v. Chapman, et al.*, 03-CV-6216 (Dkt. #25) ("*Skinner I* Decision"), which dismissed plaintiff's Fourth Amendment claim relating to the temporary seizure of his dog. Plaintiff also seeks relief from an Order entered in this action on May 30, 2007, dismissing the same claim as barred by the *res judicata* effect of the *Skinner I* Decision. *Skinner v. Chapman, et al.*, 06-CV-6119 (Dkt. #14).

"A motion under Rule 60(b) must be made within a reasonable time – where the basis is [new evidence or fraud], no more than a year after the entry of the judgment or order or the date of the

proceeding." Fed. R. Civ. Proc. 60(c). "The one-year limitation period for Rule 60(b) motions is 'absolute.'" *Martha Graham School and Dance Foundation, Inc. v. Martha Graham Center for Contemporary Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006), *quoting Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000). Plaintiff's Rule 60(b) motion was filed on March 13, 2009, nearly two years after the Court's dismissal of his Fourth Amendment claim in this action. Because plaintiff did not file his motion within one year of the issuance of the orders from which he seeks relief, his motion must be dismissed, insofar as it is grounded upon Rule 60(b)(2) and (3) .

To the extent that plaintiff relies upon Rule 60(b)(5) and (6) grounds, his motion is subject to the well-established three-pronged test employed by the Second Circuit. "First, the moving party must present highly convincing evidence that it is entitled to relief. Second, the moving party must show good cause for failing to act sooner. Finally, the moving party must show that granting the motion will not impose any undue hardship on the other party." *Winkler v. Grant*, 2008 U.S. Dist. LEXIS 61883 at *6 (W.D.N.Y. 2008); *Williams v. New York City Dept. of Corrections*, 219 F.R.D. 78, 84 (S.D.N.Y.2003). "*Pro se* litigants are not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." *Winkler*, 2008 U.S. Dist. LEXIS 61883 at *6.

Construing plaintiff's allegations as true and granting him every favorable inference, I find that plaintiff cannot satisfy this test. First, plaintiff has failed to produce "highly convincing evidence" that he is entitled to relief. Although plaintiff's conviction for governmental obstruction has been on appeal, that conviction played no part in the legal basis for this Court's dismissal of his Fourth Amendment claims, either in *Skinner I* or in this case. In fact, the reversal of plaintiff's conviction had already occurred and was duly considered by the Court at the time the May 30, 2007 Order was rendered. Plaintiff has not alleged no change in fact or law which has any bearing upon

the rulings from which he seeks relief. His Rule 60(b) motion appears to be based entirely on his personal disagreement with the previous rulings of this Court, and it is well-settled that "[a] Rule 60(b) motion . . . cannot be used to relitigate the merits of a case." *Id.*, *citing Sevenson Environmental Servs., Inc. v. Shaw Environmental, Inc.*, 246 F.R.D. 151, 153 (W.D.N.Y. 2007).

In any event, plaintiff has failed to show good cause for waiting nearly two years to file this motion in regards to the May 30, 2007 Order, and over four and a half years in regards to the July 26, 2004 Order. Plaintiff not only fails to set forth a convincing explanation for this delay – he fails to set forth any explanation at all. Third, plaintiff has failed to show that granting his cross-motion, which would require defendants to completely re-litigate the merits of plaintiff's Fourth Amendment claim relating to the seizure of his dog, would not impose an undue hardship on defendants. Given plaintiff's failure to satisfy any of these three prongs, plaintiff's Rule 60(b) cross-motion must be denied.

## CONCLUSION

For the foregoing reasons, I find that defendants had probable cause to arrest plaintiff on September 13, 2002 and further are entitled to qualified immunity against plaintiff's claims. Defendants are therefore entitled to judgment as a matter of law. Accordingly defendants' motions for summary judgment dismissing the Complaint (Dkt. #49, #50) are granted, and the Complaint is dismissed in its entirety, with prejudice. Plaintiff's Rule 60(b) cross-motion for relief from prior orders of this Court (Dkt. #54) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 28, 2010.